O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH FADHLIAH; ALJOHARAH ALSHAIKH; MANSOUR ALSHAIKH; ALANOUD ALSHAIKH; SULTAN ALSHAIKH; ABDULLAH ALSHAIKH,<br><br>Plaintiffs,<br><br>v.<br><br>SOCIETE AIR FRANCE dba AIR FRANCE; RUDOLPH VAN DER SCHRAAF; DOES 1–50,<br><br>Defendants. | Case No. 2:13-cv-06142-ODW(AJWx)<br><br>**ORDER TO SHOW CAUSE RE. LACK OF SUBJECT-MATTER JURISDICTION** |

On August 21, 2013, Defendant Societe Air France removed this case from Los Angeles County Superior Court to this Court. (ECF No. 1.) Air France contends that 28 U.S.C. § 1331 vests this Court with jurisdiction, arguing that Plaintiffs' state-law tort claims arise under the Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999, S. Treaty Doc. No. 106-45, 2242 U.N.T.S. 309 [hereinafter Montreal Convention]. (Not. of Removal ¶ 2.)

Generally the "well-pleaded-complaint rule" governs whether a defendant has properly removed a case to federal court. *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27–28 (1983). Under this this rule, federal law must either create plaintiff's cause of action or plaintiff's right to relief must

"necessarily depend on the resolution of a substantial question of federal law." *Id.* at 28. It is also well settled that a defendant may not remove a case based on a federal-law defense, including preemption. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987).

An exception exists to the well-pleaded-complaint rule, namely, the complete-preemption doctrine. *Holman v. Laulo-Rowe Agency*, 994 F.2d 666, 668 (9th Cir. 1993). This doctrine applies "where the preemptive force of federal law is so 'extraordinary' that it converts state common law claims into claims arising under federal law for purposes of jurisdiction." *Id.* But this exception only applies in extremely limited circumstances. *See Jensen v. Virgin Atl.*, 12-CV-06227 YGR, 2013 WL 1207962, at *3 (N.D. Cal. Mar. 25, 2013) (noting that the United States Supreme Court has only found complete preemption in three instances).

Air France does not style its basis of removal as complete preemption. Yet Air France does allege that this case arose from "international carriage" within the meaning of Article 1 of the Montreal Convention, thus triggering the Convention's provisions. (Not. of Removal ¶ 4.) Air France thus asserts that "the rights and liabilities of the parties are exclusively governed by the provisions of" the Montreal Convention. (*Id.* ¶ 5.)

The Montreal Convention contains a provision that suggests some level of preemption. Article 29 provides,

> In the carriage of passengers, baggage and cargo, any action for damages, however founded, whether under this Convention or in contract or in tort or otherwise, can only be brought subject to the conditions and such limits of liability as are set out in this Convention without prejudice to the question as to who are the persons who have the right to bring suit and what are their respective rights. In any such action, punitive, exemplary or any other non-compensatory damages shall not be recoverable.

But whether the preemptive force of Article 29 rises to the level of *complete* preemption is a different issue. Neither the United States Supreme Court nor the Ninth Circuit has addressed this issue. And federal district courts that have reached the issue have split. *Jensen*, 2013 WL 1207962, at *3 (collecting cases).

Amid this unsettled legal landscape, the Court questions whether it has federal-question jurisdiction over this case. The Court therefore **ORDERS** Defendant to **SHOW CAUSE** in writing by **September 17, 2013**, why this case should not be remanded for lack of subject-matter jurisdiction. Plaintiffs may submit a simultaneous brief on the jurisdictional issue if they choose. Briefs shall not exceed 15 pages. Failure to timely respond will result in remand of this case.

**IT IS SO ORDERED.**

August 27, 2013

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**