O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH FADHLIAH; ALJOHARAH ALSHAIKH; MANSOUR ALSHAIKH; ALANOUD ALSHAIKH; SULTAN ALSHAIKH; ABDULLAH ALSHAIKH,<br><br>Plaintiffs,<br>v.<br>SOCIÉTÉ AIR FRANCE dba AIR FRANCE; RUDOLPH VAN DER SCHRAAF; DOES 1–50,<br><br>Defendants. | Case No. 2:13-cv-06142-ODW(AJWx)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION [16] AND DENYING MOTION PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 60(b), 59(e), AND 52(b) [17]** |

## I. INTRODUCTION

This case initially presented an unsettled area of law: whether the Montreal Convention completely preempted Plaintiffs' state-law tort claims against Defendant Société Air France and some of its crew members arising from an incident that occurred on one of Air France's flights. *See* Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999, S. Treaty Doc. No. 106-45, 2242 U.N.T.S. 309 [hereinafter Montreal Convention]. After considering all relevant sources, the Court determined that it did—and therefore that Air France properly removed the case to this Court under federal-question jurisdiction. The Court also found that under Article 33 of the treaty, the United States was not a proper venue for Plaintiffs' action and consequently dismissed Plaintiffs' Complaint without prejudice but without leave to amend.

Plaintiffs then filed two kitchen-sink Motions and a Notice of Appeal, arguing that the Court "failed to consider the material facts before it." They suddenly adduced new, yet preexisting, evidence regarding their principal and permanent residence. After considering these Motions, the Court finds that Plaintiffs' evidence is untimely and still fails to establish that their principal and permanent residence is anywhere but in Saudi Arabia. The Court therefore **DENIES** Plaintiffs' Motions.[1]

## II.   FACTUAL BACKGROUND

In the interest of judicial economy, the Court incorporates the factual background contained in the October 1, 2013 Order Granting Defendant's Motion to Dismiss. (ECF No. 15.) In that Order, the Court found that the Montreal Convention completely preempted Plaintiffs' state-law tort claims, thereby establishing federal-question jurisdiction under the treaty and making Air France's removal proper under 28 U.S.C. § 1441.

Air France then moved to dismiss Plaintiffs' claims, arguing that under Montreal Convention Article 33, the United States was not a proper venue to hear the dispute. Air France submitted evidence establishing where Plaintiffs purchased their plane tickets, where Air France is incorporated and has its principal place of business, and the place of Plaintiffs' destination. Air France also asserted that Plaintiffs' "principal and permanent residence" is Saudi Arabia based on admissions in Plaintiffs' Complaint.

Opposing the Motion, Plaintiffs did not rebut Air France's factual assertions. Rather, Plaintiffs stated, "Notwithstanding the inaccuracy of Air France's assertions, Plaintiffs need not reach the facts in this response, as Air France is not entitled to dismissal as a matter of law." (ECF No. 8, 5 n.1.)

Based on the evidence before it, the Court found that the United States is not a permissible venue for Plaintiffs' case under Article 33; indeed, no court in the United

---

[1] After carefully considering the papers filed with respect to these Motion, the Court deems the matters appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

States may hear Plaintiffs' case. The Court consequently dismissed Plaintiffs' case without prejudice but without leave to amend.

On October 22, 2013, Plaintiffs filed a Motion for Reconsideration. (ECF No. 16.) One week later, Plaintiffs filed another Motion—this time under Federal Rules of Civil Procedure 60(b), 59(e), and 52(b). Perfecting their trifecta, Plaintiffs filed a Notice of Appeal on October 31, 2013. (ECF No. 18.) Air France timely opposed both Motions. Given the identity of Plaintiffs' arguments, the Court resolves both Motions here together.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) permits a court to relieve a party of an order for, among others, "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Under Ninth Circuit case law, a party may only seek relief under this catchall provision when the party demonstrates "extraordinary circumstances" warranting the court's favorable exercise of discretion. *Cmty. Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002). To satisfy its burden under this lofty standard, a party must prove both (1) an injury and (2) circumstances beyond its control. *Id.*

Under Rule 59(e), a party may move to alter or amend a judgment. Rule 52(b) allows a court to amend its findings and alter judgment accordingly on a party's motion.

The Central District of California Local Rules further elucidate the proper bases for which a party may seek reconsideration:

(a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing
/ / /

of a failure to consider material facts presented to the Court before such decision.

[L.R. 7-18.]

Additionally, "[n]o motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion." *Id.*

## IV. DISCUSSION

In both of their Motions, Plaintiffs contend that there is no factual support for the Court's finding that Plaintiffs are principal and permanent residents of Saudi Arabia, no factual support for the Court's finding that amendment would be futile, and remand—not dismissal—was the proper remedy in this case. Air France disagrees, arguing that the Court properly determined that no court in the United States could hear the Plaintiffs' case under the Montreal Convention. The Court finds that Plaintiffs have not identified any valid basis for reconsideration and therefore denies their Motions.

**A. Plaintiffs' "principal and permanent residence"**

Plaintiffs' chiefly argue that "this Court failed to consider material facts already before it." (ECF No. 16, at 7.) They contend that Air France erroneously established Plaintiffs' "principal and permanent" residence for Article 33 purposes based on the declaration of one of Air France's own employees, even though that employee would have no personal knowledge of Plaintiffs' residency. Plaintiffs also assert that they contested Air France's factual assertions. They argued that four out of five of the Plaintiffs had arrived in California in November 2010 and remained there until June 2011, and Mansour Alshaikh's travel originated in the United States, not Saudi Arabia. Plaintiffs also "reserved their rights to provide additional facts as needed if the Court concluded that it did need to make factual findings with regard to residency." (*Id.* at 3.) Finally, Plaintiffs submitted three new declarations demonstrating that Plaintiffs have maintained their "primary residence" in California since 2007 and intend to remain in California "for the foreseeable future."

In response, Air France asserts that Plaintiffs have not established any appropriate basis for reconsideration under Local Rule 7-18. Air France avers that it is impermissible to raise new facts via a reconsideration motion that could have been raised previously. Defendant correctly notes that it "defies logic that plaintiffs did not know where they resided at the time that they filed the opposition, but now suddenly remember." (ECF No. 19, at 2.) And even if the Court considers Plaintiffs' new declarations, Air France argues that Plaintiffs have still failed to establish that their principal and permanent residence is in the United States. The Court agrees.

Plaintiffs' declarations have surfaced for the first time now after the Court already granted Air France's dismissal Motion and closed the case. The law is clear: "A motion for reconsideration may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotation marks omitted). Plaintiffs astonishingly contend that they were not given a chance to respond to Air France's factual assertions and establish their principal and permanent residence. This argument is peculiar considering that Plaintiffs filed a 10-page opposition to Air France's Motion. Plaintiffs also accepted the Court's invitation to brief the issue of whether the Court has subject-matter jurisdiction over this case. In all of their papers, Plaintiffs submitted nary a single declaration or other evidence to demonstrate their principal and permanent residence. Their declarations now come too late.

Even if the Court were to consider Plaintiffs' declarations, the Court is still not convinced that Plaintiffs have established that their principal and permanent residence—or "fixed and permanent abode"—is in the United States instead of Saudi Arabia. First, Plaintiffs admitted in their Complaint that they are Saudi citizens. These statements constituted judicial admissions. *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988). The Court took Plaintiffs at their word and found that they were Saudi citizens.

1    Second, Plaintiffs misinterpret Article 33.  That provision allows a plaintiff to bring suit in one of five enumerated fora, one of which is in the jurisdiction where the plaintiff has her "principal and permanent residence."  Montreal Convention, art. 33. Despite that fact that the Montreal Convention is a multilateral agreement among 104 countries, Plaintiffs construe the terms of the Convention based solely on American law.  The Montreal Convention drafters made clear in their discussions that "principal and permanent residence" is akin to the American concept of "domicile."  George N. Tompkins, Jr., *Liability Rules Applicable to International Air Transportation as Developed by the Courts in the United States* 66–67 (2010).  They did not use the word domicile, because in civil-law countries a person can have more than one domicile—something the drafters did not want.  *Id.*

One must interpret Article 33's principal-and-permanent-residence provision similar to U.S. law regarding domicile and citizenship.  *See Hornsby v. Lufthansa German Airlines*, 593 F. Supp. 2d 1132, 1139 (C.D. Cal. 2009) (finding that the term "does incorporate an element of intent").  Plaintiffs admit that they are Saudi citizens, and their other evidence shows that they are only residing in California as that term is understood under domestic law.  They indicate that they have lived in California since 2007 and stay in this state nine months out of the year.  The fact that Mansour and Aljoharah have diplomatic driver's licenses demonstrates as Air France argues that they likely came to the United States for diplomatic purposes.  Indeed, they admit that their father is a Saudi diplomat.  Further, that Mansour, Aljoharah, and Fadhliah's children attend school in California does not indicate domicile; people frequently attend school away from home.

The Court finds that Plaintiffs' evidence is untimely, and—even if considered—does not rebut Plaintiffs' own admissions that they are Saudi citizens.  The Court therefore **DENIES** Plaintiffs' Motions on this ground.

/ / /

/ / /

### B. Futility of amendment

Plaintiffs' arguments regarding futility of amendment largely echo their previous arguments. They assert that "Plaintiffs were . . . not afforded the opportunity to rebut Air France's assertions regarding their residency, despite the fact that these assertions were completely unsupported by evidence." (ECF No. 16, at 4.) As the Court noted above, Plaintiff had every chance to submit their evidence with their previous briefs but failed to do so. The Court was left with Plaintiffs' own admissions of their Saudi citizenship along with the inferences that Air France could muster.

Plaintiffs seem to equate "amendment" with a misplaced notion of their ostensibly, ever-shifting principal and permanent residence. One wonders how a plaintiff can amend a complaint to divest herself of admitted citizenship in one country and suddenly invest herself with citizenship in another. This evanescent pick-your-citizenship idea is hardly what the Montreal Convention drafters envisioned in inditing Article 33's "fixed and permanent abode" provision. *See* Tompkins, Jr., *supra*, at 66–67; *see also Lee v. City of Los Angeles*, 250 F.3d 668, 692 (9th Cir. 2001) (dismissal without leave to amend is proper if it clear that the complaint could not be saved by any amendment). Neither is this provision an "airline-friendly trap" crafted by Air France (Reply 6); rather, it is the Convention's blackletter law.

### C. Dismissal versus remand

Plaintiffs' last argument fairs no better. Plaintiffs again misconstrue the Montreal Convention and the Court's dismissal Order. They make much of the United States Supreme Court's decision in *International Primate Protection League v. Administrators of Tulane Education Fund*, 500 U.S. 72 (1991). In that case, the Court held that "the literal words of § 1447(c) . . . give no discretion to dismiss rather than remand an action." *Id.* at 89 (internal quotation marks omitted); *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

/ / /

But the problem with Plaintiffs' argument is that this Court found that it *did* have subject-matter jurisdiction. (*See* ECF No. 15, at 10 (finding that "the Court thus has federal-question jurisdiction").)  Indeed, both parties extensively briefed the complete-preemption issue under the Montreal Convention—i.e., whether Air France properly removed this case to this Court.  After considering those submissions and relevant law, the Court found "that the Montreal Convention does provide the exclusive cause of action against Air France and that the Court thus has federal-question jurisdiction under the complete-preemption doctrine."  (ECF No. 15, at 10.)

Finding that it had jurisdiction, this Court had nothing to remand.  Rather, it was only after the Court found that the United States was not a proper venue under Article 33 to hear this dispute that the Court dismissed the action.  While "Plaintiffs seek to have this Court . . . overturn its dismissal with prejudice of the substantive case," nothing of the sort occurred.  The Court did not dismiss Plaintiffs' case with prejudice, i.e., on the merits. *In re Marino*, 181 F.3d 1142, 1144 (9th Cir. 1999).  The Court simply found that amendment of Plaintiffs' Complaint would not change the words of Article 33's venue provisions, which preclude the United States as a proper place to hear Plaintiffs' dispute.

**D.    Rules 60(b), 59(e), and 52(b)**

Neither do Plaintiffs find much success under their second—though identical—Motion under Federal Rules of Civil Procedure 60(b), 59(e), and 52(b).  For the same reasons as stated above, the Court finds that Plaintiffs have not established any valid ground for relief from the Court's order under Rule 60(b).  And there was never any "judgment" or trial in this case, so Rules 59(e) and 52(b) are simply inapposite. *Balla v. Idaho State Bd. of Corr.*, 869 F.2d 461, 467 (9th Cir. 1989) (holding that a Rule 56(e) motion was not proper, because the plaintiffs were appealing an order that did not end the litigation on the merits and leave nothing for the court to do but execute the judgment); Fed. R. Civ. P. 52(b) ("the court may . . . amend the *judgment* accordingly" (emphasis added)).

## V. CONCLUSION

Finding no valid basis for reconsidering its prior dismissal Order, the Court **DENIES** Plaintiffs' Motions. (ECF Nos. 16, 17.)

**IT IS SO ORDERED.**

November 25, 2013

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**